UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: GAF ELK CROSS TIMBERS
DECKING MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION    MDL No. 2577

TRANSFER ORDER

**Before the Panel:**[*] Plaintiff in the Southern District of Ohio action moves under 28 U.S.C. § 1407 to centralize pretrial proceedings of this litigation in the Southern District of Ohio. This litigation currently consists of six actions pending in six districts as listed on Schedule A.[1]

All responding parties agree that centralization is warranted, but they disagree about the most appropriate transferee district. Plaintiffs in six actions and four potential tag-along actions support centralization in the Southern District of Ohio in the first instance or in the alternative. Defendant Building Materials Corporation of America d/b/a GAF Materials Corporation (GAF) and plaintiff in the District of New Jersey potential tag-along action suggest centralization in the District of New Jersey. Plaintiffs in three actions alternatively support centralization in the Northern District of Illinois, and plaintiff in the District of Colorado action alternatively suggests centralization in her home district.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions involve common factual questions arising from Elk Cross Timbers and/or DuraLife decking manufactured and marketed by GAF. Plaintiffs in these actions allege that the decking is prone to warp, crack, swell, and expand at rates well beyond what should occur with a product meant for the outdoors, and well beyond what consumers expect based upon GAF's representations. The decking also allegedly develops mold/mildew and/or a fungal substance that results in an unsightly and extensive discoloration over the entire decking.

Centralization will eliminate duplicative discovery and prevent inconsistent pretrial rulings, particularly with respect to class certification. Centralization also is consistent with the Panel's decisions ordering centralization of actions relating to allegedly defective building products. *See, e.g., In re: MI Windows & Doors, Inc., Prods. Liab. Litig.*, 857 F. Supp. 2d 1374 (J.P.M.L. 2012)

---

[*]   Judge Charles R. Breyer took no part in the decision of this matter.

[1]   The Panel is aware of six additional actions pending in six districts. These actions and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

-2-

(centralizing five actions that involved common questions of fact relating to allegedly defective windows); *In re: Building Materials Corp. of Am. Asphalt Roofing Shingle Prods. Liab. Litig.*, 818 F. Supp. 2d 1374 (J.P.M.L. 2011) (centralizing five actions that involved common questions of fact relating to allegedly defective roofing shingles); *In re: IKO Roofing Shingle Prods. Liab. Litig.*, 659 F. Supp. 2d 1364 (J.P.M.L. 2009) (centralizing four actions that involved common questions of fact relating to allegedly defective roofing shingles).

We find the District of New Jersey to be the appropriate transferee forum for this litigation. Defendant is headquartered in this district, and therefore relevant documents and witnesses will be found there. Judge Jose L. Linares is an experienced transferee judge, and we are confident he will steer the litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Jose L. Linares for coordinated or consolidated pretrial proceedings in that district.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

Marjorie O. Rendell          Lewis A. Kaplan
Ellen Segal Huvelle          R. David Proctor
Catherine D. Perry

**IN RE: GAF ELK CROSS TIMBERS
DECKING MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION**     MDL No. 2577


## SCHEDULE A

District of Colorado

KAISER V. BUILDING MATERIALS CORPORATION OF AMERICA,
 C.A. No. 1:14-02229

Northern District of Illinois

ERNST V. BUILDING MATERIALS CORPORATION OF AMERICA D/B/A GAF
 MATERIALS CORPORATION, C.A. No. 3:14-50182

Southern District of Indiana

STIDHAM V. BUILDING MATERIALS CORPORATION OF AMERICA,
 C.A. No. 2:14-00247

Southern District of Iowa

SHERIDAN V. BUILDING MATERIALS CORPORATION OF AMERICA,
 C.A. No. 4:14-00325

Eastern District of North Carolina

ROBERTIE, ET AL. V. GAF BUILDING MATERIALS CORP., C.A. No. 7:14-00165

Southern District of Ohio

BURGER V. BUILDING MATERIALS CORPORATION OF AMERICA,
 C.A. No. 1:14-00513